No. 30,665.

THE STATE OF KANSAS, ex rel. ERNEST J. MALONE, as County Attorney, etc., *Appellant*, v. B. M. DREILING, as Justice of the Peace, etc., *Appellee*.

(12 P. 2d 735.).

Opinion filed July 9, 1932.

*Roland Boynton*, attorney-general, *R. O. Mason, E. E. Steerman*, assistant attorneys-general, and *Ernest J. Malone*, county attorney, for the appellant.
*B. W. Brooke* and *Edward E. Haney*, both of Hays, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one of mandamus to compel a justice of the peace to deliver a warrant for the arrest of a person charged with felony to the sheriff of the county instead of to a constable of the township. The writ was denied, and the state appeals.

Complaint was made to the defendant, a justice of the peace of Hays township, in Ellis county, that one Roy Jawks had committed a described felony. The justice issued a warrant for the arrest of Jawks and delivered it to a constable of the township. Jawks was a resident of Graham county. The constable was about to go over to Graham county and arrest Jawks, when the action was brought by the county attorney in the name of the state to obtain a declaratory judgment determining the question whether a constable is authorized to serve a warrant of arrest outside of his county.

The statute relating to constables contains the following provisions:

"All constables shall be ministerial officers in justices' courts in their respective counties, and civil and criminal process may be executed by them throughout the county, under the restrictions and provisions of the law." (R. S. 80-701.)

"In serving all process, either civil or criminal, and in doing his duties generally, when not otherwise restricted by law, the authority of a constable shall extend throughout the county in which he may be appointed; and in executing and serving process issued by a justice of the peace he shall have

and exercise the same authority and powers over goods and chattels and the persons of parties as is granted by law to the sheriff or coroner, under like process issued from the courts of record." (R. S. 80-702.)

The code of criminal procedure prescribes the form of a warrant:

"Such warrant may be substantially in the following form, varying the terms to suit the case:

"The State of Kansas, ............ County. The state of Kansas to any sheriff or constable of the state of Kansas: It appearing that there are reasonable grounds for believing that A. B. has committed the offense of ............, in the county of ............, you are therefore commanded forthwith to arrest A. B. and bring him before some magistrate of the county of ............, to be dealt with according to law.

C. D., Justice of the Peace<br>for ............ County."

(R. S. 62-603.)

The code of criminal procedure also contains the following provision:

"If any person against whom a warrant may be issued for an alleged offense committed in any county shall, before or after the issuing of such warrant, escape from or be out of the county, the sheriff or other officer to whom such warrant may be directed may pursue and apprehend the party charged in any county in this state, and for that purpose may command aid and exercise the same authority as in his own county." (R. S. 62-605.)

The section of the statute relating to the function of constables declares they are ministerial officers of justices' courts, who may execute process throughout the county, and the section relating to authority of constables in serving process declares their authority shall extend throughout the county. A particular subdivision of the state within which a constable may act having been specified, he cannot act elsewhere, unless the limit is enlarged by some statute enacted for that purpose.

The provision of R. S. 80-702, giving to a constable the same authority as the sheriff in serving process, relates to the acts which may be done, and not to the territorial limit in which official conduct may be displayed.

The statute prescribing the form of a warrant does nothing more, and was not designed to authorize a constable to go outside his county to serve a warrant, directed according to the form.

The statute relating to pursuit in another county is slightly ambiguous because of the expression, "be out of the county." The purpose of the statute, however, is indicated by the preceding words, "escape from," and the succeeding words, "pursue and apprehend," and the statute was not designed to authorize a constable to act generally anywhere in the state.

The word "escape" is used in the sense of fleeing, getting away to

avoid arrest. The word "pursuit" is used in the sense of chasing, or following to overtake. The words "being out of the county" merely refer to another aspect of eluding or evading arrest. The result is, a constable to whom a warrant of arrest has been delivered for service may not go beyond the confines of his county to make the arrest, except in what amounts to fresh pursuit.

The judgment of the district court is reversed, and the cause is remanded for further proceedings. The action having been instituted to settle a vexed question of criminal procedure, the costs are taxed to the state.